UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY L. CAMPBELL,

                              Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                               05-CV-6428L

                          v.

MICHAEL ASTRUE,
Commissioner of Social Security,

                              Defendant.
_____

      Pending before the Court is a motion by plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorneys fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. #8). Pursuant to a contingent fee agreement with plaintiff providing for attorneys fees in the amount of 25% of any award recovered by plaintiff, plaintiff's counsel, William J. McDonald, Jr., seeks fees in the amount of $8,828.63, which constitutes the balance of 25% of the past due benefits awarded to plaintiff, minus $5,300.00 already received by McDonald from the SSA as an attorney's fee for services performed at the administrative level.

      By Stipulation and Order dated and entered February 15, 2006 (Dkt. #7), this Court previously awarded McDonald attorney's fees under the Equal Access to Justice Act (EAJA), 28

USC §2412(d) in the amount of $708.00, plus $250.00 costs, for a total of $958.00.  Pursuant to the terms of the Stipulation and Order, McDonald's application also requests that, in the event the instant application is granted, the Court order the payment of the EAJA attorney fee award to plaintiff.

The Commissioner does not oppose plaintiff's motion.

I find that the amount of the requested fee is reasonable, in light of the character of the representation, McDonald's expertise in Social Security law, the results achieved, and the absence of any delay in the proceedings by McDonald.  *See Silliman v. Barnhart*, 421 F. Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005).  In so holding, the Court is also mindful of the deference afforded to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817 (2002).

Plaintiff was awarded in excess of $56,000.00 for six years of past-due benefits that date back to November 2000, as well as continuing disability benefits for as long as she remains disabled up to age 65.  Pursuant to the contingency fee agreement between plaintiff and McDonald, McDonald is therefore entitled to twenty-five percent of the total award for past-due benefits. The Commissioner has withheld this amount from plaintiff's past-due benefits, and plaintiff has filed an affidavit consenting to the fee. (Dkt. #8, Exhs. D and H).

CONCLUSION

Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. #8) in the amount of $8,823.63 is granted.  The award is to be made payable to Mark M. McDonald, Esq., attorney for plaintiff.  McDonald is ordered to refund to the plaintiff the amount of $708.00.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 18, 2007.